IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CLARENCE HICKS, | * |
| Plaintiff, | * |
| v. | *   Civ. No.: MJM-24-623 |
| CAPITAL ONE BANK, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

This matter is before the Court on self-represented plaintiff Clarence Hicks's ("Plaintiff") Motion for Summary Judgment, ECF 12, and Motion to Dismiss Capital One Bank N.A. ("Capital One"), Encore Capital Group, Inc. ("Encore"),[1] and Midland Credit Management, Inc.'s ("Midland") (collectively, "Defendants") Affirmative Defenses. ECF 19. The motions are fully briefed and ripe for disposition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall deny both motions.

**I.   FACTUAL BACKGROUND**

Plaintiff is an individual subject to a debt collection activity by defendants Capital One and Midland. Compl. (ECF 1) at 2. According to the Complaint, Plaintiff was advised that Capital One sold his credit account to Midland, a subsidiary of defendant Encore, who is now attempting to

---

[1] The caption of the Complaint filed in this matter incorrectly identifies this defendant as "Encore Capital Management, Inc." *Compare* ECF 1-1 (Compl.) *with* ECF 16 (Encore Answer). The Clerk shall be directed to correct this error.

1

"illegally" collect on the debt. *Id*. Plaintiff also alleges that, in January 2024, he received "threatening" phone calls from Encore, as they attempted to collect a debt of $354.68. *Id*. Plaintiff next alleges that, after receiving these calls, he contacted Capital One and requested supporting documentation regarding the debt. *Id.* The Complaint asserts that a representative from Capital One informed him that all such information was now in the possession of Midland. *Id.* Plaintiff alleges that during discussions with Midland about his potential debt obligations and the legality of Midland's assumption, a representative from Midland told him, "don't worry about whether it is illegal or legal, why don't you just pay?" *Id*. According to Plaintiff, Midland instructed him to go to their website and enter his name and last four digits of his social security number to view documentation regarding his debt. *Id.* Plaintiff contends that he never gave his social security number to Capital One or Midland. Plaintiff characterizes Defendants' conduct as harassment, identity theft, erroneous credit reporting, fraudulent debt collection, and conspiracy. He alleges that Defendants' conduct violated the Fair Credit Reporting Act ("FCRA") and amounted to criminal conduct under 18 U.S.C. §§ 1028A, 1341, 1343, and 1541. *Id*. at 2–3. Plaintiff further alleges that Capital One violated the Electronic Signatures in Global and National Commerce Act ("E-SIGN Act" or "E-Signatures Act") by failing to preserve a copy of a customer agreement the parties entered electronically and failing to give Plaintiff certain disclosures. *Id.* at 3.

## II.   PROCEDURAL HISTORY

On February 29, 2024, Plaintiff filed a Complaint against Capital One, Encore, and Midland alleging violations of the FCRA, the E-SIGN Act, and various criminal statutes. ECF 1. On April 8, 2024, Capital One filed an Answer with Affirmative Defenses. ECF 9. On April 22, 2024, Plaintiff filed a Motion for Summary Judgment. ECF 12. On May 6, 2024, Capital One filed a response in opposition to Plaintiff's Motion for Summary Judgment. ECF 13. On May 7, 2024,

Plaintiff filed a reply. ECF 14. On May 8, 2024, both Midland and Encore filed Answers with Affirmative Defenses. ECF 15, 16. On May 9, 2024, Plaintiff filed a Motion to Dismiss Defendants' Affirmative Defenses. ECF 19. On May 23, 2024, Capital One filed a response in opposition to Plaintiff's Motion to Dismiss. ECF 20. On May 23, 2024, Encore and Midland filed a joint response in opposition to Plaintiff's Motion to Dismiss. ECF 22. On June 3, 2024, Plaintiff filed a reply. ECF 28.

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff requests summary judgment against all Defendants. *See* ECF 12 (motion); ECF 14 (reply to Capital One's response). Regarding Capital One, Plaintiff contests statements in Capital One's Answer in which Capital One declines to admit allegations of unlawful conduct made in the Complaint. ECF 12 at 1. Plaintiff cites an exhibit attached to his Complaint that, he claims, "displays a tradeline report filed by Capital One Bank as original creditor." ECF 12 at 1–2. In his reply, Plaintiff casts Capital One's denial of the allegations against it as "fraud" and alleges that Capital One violated the E-Signatures Act, "filed a tradeline with the credit bureaus" that "negatively affects Plaintiff's daily life[,]" and sold a debt to Midland and Encore. ECF 14 at 1–2. Regarding Midland and Encore, Plaintiff points out that these two defendants failed to file a timely response to the Complaint. ECF 12 at 2. In his reply, Plaintiff alleges that Midland "attempt[ed] to coax Plaintiff's [sic] into paying the alleged debt negotiated between [Capital One and Midland,]" and Midland "has Plaintiff's unauthorized social security number prefilled in their [sic] website login box." ECF 14 at 2. Capital One filed a timely Answer to the Complaint and a response in opposition to Plaintiff's summary judgment motion, contesting Plaintiff's allegations that it acted unlawfully. ECF 13. Midland and Encore did not respond to this motion but filed untimely responses to Plaintiff's Complaint. ECF 15, 16.

3

### A. Standard of Review

A court may grant a party's summary judgment motion under Rule 56 of the Federal Rules of Civil Procedure if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020). A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and a genuine issue as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *see also Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016). A party can establish the absence or presence of a genuinely disputed fact through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The court must view all the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmovant, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the court is not permitted to weigh the evidence, make credibility determinations, or decide the truth of disputed facts, *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986).

### B. Plaintiff's Claims Against Capital One

Here, Plaintiff fails to establish that he is entitled to a judgment against Capital One as a matter of law. First, the E-SIGN Act and the various criminal statutes cited in the Complaint do not provide a private right of action. *See* 15 U.S.C. § 7001, *et seq.* (E-Signatures Act); 18 U.S.C. §§ 1028A, 1341, 1343, and 1541 (defining as criminal offenses aggravated identity theft, mail fraud, wire fraud, and passport fraud, respectively); *Elliott v. Bank of Am. Home Loans, Inc.*, No.

4

5:16-cv-660-BR, 2017 U.S. Dist. LEXIS 163105, at *11 (E.D.N.C. Sep. 28 2017) ("conclud[ing] that the E-Sign Act does not create a private right or remedy"); *Levy-Tatum v. Navient Sols., Inc.*, 183 F. Supp. 3d 701, 709 (E.D. Pa. 2016) ("[T]he E-Sign Act contains no express or implied private right of action . . . ."); *Hampton v. Wells Fargo Bank, N.A.*, Civ. No. DLB-22-1712, 2023 U.S. Dist. LEXIS 168952, at *4 n.2 (D. Md. Sep. 22, 2023) ("As a private citizen, [plaintiff] has no right or ability to prosecute federal crimes.") (citing *Linda R. S. v. Richard D.*, 410 U.S. 614 (1973)). Plaintiff's claims based on these statutes are subject to summary dismissal, not summary judgment in his favor.

Second, Plaintiff fails to establish that he is entitled to judgment on his FCRA claim against Capital One as a matter of law. The FCRA "provides a series of requirements for handling consumer credit information in order to 'ensure fair and accurate [] reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 802 (4th Cir. 2019) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). Specifically, "15 U.S.C. § 1681s–2(b) imposes duties upon furnishers of credit information upon being provided notice of a dispute of the completeness or accuracy of any information provided to a [credit reporting agency ('CRA')] . . . ." *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 580 (D. Md.), aff'd, 623 F. App'x 94 (4th Cir. 2015). "[T]o bring a claim under § 1681s–2(b)" against a furnisher of credit information, a plaintiff "must establish: (1) that he notified the CRAs of the disputed information; (2) that the CRAs notified [the furnisher] of the dispute; and (3) that [the furnisher] then failed to investigate and modify the inaccurate information." *Id.* at 581. Here, Plaintiff has presented no competent evidence—i.e., no "affidavits or declarations," nor "depositions, documents," or discovery responses, Fed. R. Civ. P. 56(c)(1)(A)—to establish the

lack of a genuine dispute as to any of the foregoing elements of a FCRA claim against Capital One.

Third, the parties have had no reasonable opportunity to conduct discovery in this case. As a general matter, "summary judgment is appropriate only after 'adequate time for discovery.'" *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996) (quoting *Celotex*, 477 U.S. at 322), *quoted in Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013). "Discovery is usually essential in a contested proceeding . . . ." *Greater Baltimore Ctr. for Pregnancy Concerns*, 721 F.3d at 280. Without having had an opportunity for discovery, the Court finds that it would be inappropriate to grant summary judgment at this early stage of the case.

For each of the foregoing reasons, Plaintiff's Motion for Summary Judgment shall be denied as to Capital One.

### C. Plaintiff's Claims Against Midland and Encore

As noted above, the only grounds for judgment as a matter of law against Midland and Encore stated in Plaintiff's Motion for Summary Judgment is these defendants' failure to file a timely response to the Complaint. ECF 12 at 2. In his reply, Plaintiff reiterates allegations made in the Complaint against Midland and Encore. ECF 14 at 2. The Court finds that summary judgment against Midland and Encore would be inappropriate for the same reasons it would be improper as to Capital One Bank. *See* Part III.B *supra*.

However, because Midland and Encore failed to file a timely response to the Complaint, Plaintiff's motion for judgment on this basis might reasonably be construed as a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure—rather than summary judgment under Rule 56. See *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141

6

S. Ct. 1376 (2021) (pleadings by self-represented parties to be construed "liberally"). Indeed, in his reply, Plaintiff states, "a rule 55 judgement is requested." ECF 14 at 3.

Rule 55 provides for a "two-step process by which a default judgment is entered." *F.D.I.C. v. Danzig*, 10 F.3d 806, at *2 n.2 (4th Cir. 1993) (table). First, Rule 55(a) provides that the Clerk must enter a party's default when the defendant fails to plead or otherwise defend against claims asserted in a civil action, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim against the defaulting defendant is not for a sum certain or ascertainable through computation, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). When reviewing a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations "support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). "If the court finds that liability is established, it must then turn to the determination of damages." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (citing *Ryan*, 253 F.3d at 780–81).

Here, construing Plaintiff's motion for summary judgment as one for default judgment, the Court finds that default judgment would be improper. First, the step one of the two-step process for default judgment provided in Rule 55 has not been satisfied because Plaintiff has not requested the Clerk to enter a default as to Midland and Encore and no default has been entered. Second, Midland and Encore did eventually respond to the Complaint. ECF 15, 16. Although their Answers and Affirmative Defenses were untimely, their pleadings adequately demonstrate an effort by these two defendants to defend against Plaintiffs' claims. The U.S. Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided

and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). The Court finds that the untimeliness of Midland's and Encore's responsive pleadings—which were untimely by almost one month[2]—does not justify a default, even if Plaintiff were to move for entry of default.

At the same time, however, the Court does not take lightly the failure by Midland and Encore to file timely responses and failure to seek either an extension of time to file their responses or leave to file them out of time. Rule 6(b) states that the specified time in which an act must be done may be extended "for good cause" and "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

Notwithstanding, Plaintiff is correct that Defendants have neither properly nor timely filed their Answer to the Amended Complaint. Rule 6(b)(1) provides that a court "may, for good cause, extend the time" in which "an act may or must be done" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Findings of good cause and excusable neglect are "within the Court's discretion." *Lewis v. Prince George's Cnty. Bd. of Educ.*, Civ. No. JKB-21-2720, 2023 WL 4551866, at *5 (D. Md. July 13, 2023). Diligence is the "touchstone" of the good cause requirement. *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020). Courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Lewis*, 2023 WL 4551866, at *5 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "To ascertain whether a delay in filing is excusable, courts must consider 'all relevant circumstances surrounding the party's omission.'"

---

[2] Midland and Encore were served summonses and copies of the Complaint on March 22, 2024, ECF 8, so their responses to the Complaint were due by April 12, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (generally requiring response within 21 days of service of summons and complaint).

*Dwonzyk v. Balt. Cnty.*, 328 F. Supp. 2d 572, 577 (D. Md. 2004) (quoting *Pioneer*, 507 U.S. at 395). "The factors to be considered in determining whether there is good cause or 'excusable neglect'[] include the 'danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010) (citing *Pioneer*, 507 U.S. at 395).

Here, Midland and Encore have not presented any argument nor proffered sufficient facts to establish good cause and excusable neglect that might justify the late filing of their Answers and Affirmative Defenses.[3] The Court shall give them a reasonable opportunity to do so. For now, Plaintiff's Motion for Summary Judgment as to Midland and Encore, construed as a motion for default judgment, shall be denied without prejudice.

### IV. PLAINTIFF'S MOTION TO DISMISS AFFIRMATIVE DEFENSES

In his Motion to Dismiss Affirmative Defenses, Plaintiff seeks dismissal of Defendants' Affirmative Defenses as "time barred" under Rule 12(a)(1)(A)(i) and seeks judgment on the pleadings under Rule 12(c). ECF 19. This motion shall be denied.

First, any motion to dismiss Capital One's Affirmative Defenses as untimely fails because Capital One's response to the Complaint was timely filed.[4]

---

[3] The Court recognizes that, in response to Plaintiff's Motion to Dismiss Affirmative Defenses, Midland and Encore offered a partial explanation of its late filing—specifically, that they and Plaintiff were in settlement discussions within the week after these two defendants were served. ECF 22 at 2–3 n.1. Midland and Encore offered to provide an affidavit "detailing extensive communications with Plaintiff should the Court so require." *Id.* at 3 n.1. Midland and Encore may provide such an affidavit in support of their forthcoming motion, but they are advised not to include details of terms of settlement discussed between the parties. Any specific terms of settlement that were discussed between the parties are not relevant to the Court's determination of good cause and excusable neglect under Rule 6(b).

[4] Capital One was served a summons and copy of the Complaint on March 16, 2024, ECF 8, and timely filed its Answer and Affirmative Defenses on April 8, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (generally requiring response within 21 days of service of summons and complaint); Fed. R. Civ. P. 6(a)(1) (time

Second, as explained in Part III.C *supra*, although Midland's and Encore's responsive pleadings were indeed untimely (by close to one month, the Court finds that it would be improper to dismiss their responsive pleadings or enter judgment against them at this stage without giving them an opportunity to explain their late submission. As noted *supra*, the Fourth Circuit has "repeatedly expressed a strong preference" for disputes to be adjudicated on the merits. *Colleton Preparatory Acad.*, 616 F.3d at 417. Here, while untimely, Midland and Encore have asserted defenses to Plaintiff's claims and shall be given an opportunity to explain their late filing. If they fail to do that or the Court finds their explanation lacking and declines to accept their pleadings, Plaintiff may file an appropriate motion seeking entry of default.

Third, Plaintiff's Rule 12(c) motion for judgment on the pleadings fails because Capital One plausibly contests Plaintiff's allegations of FCRA violations and asserts defenses to those allegations. Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for resolving a motion pursuant to Rule 12(c) depends on the nature of the relief being sought." *Davis v. Reliance Test & Tech., LLC*, Civ. No. DKC 22-1760, 2024 WL 83347, at *1 (D. Md. Jan. 8, 2024). In some cases, the court applies "the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)."[5] *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). In other cases, "the standard for a Rule 12(c) motion on the pleadings is identical to the standard for summary judgment motions." *Davis*, 2024 WL 83347,

---

periods specified by the Rules, when stated in days, are calculated by excluding from counting "the day of the event that triggers the period;" and "if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday[]").

[5] To defeat a motion to dismiss a civil complaint under Rule 12(b)(6), a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

at *1 (citation omitted). But "[a] key distinction between a Rule 12(c) motion and a Rule 56 motion [for summary judgment] is that the court may not consider facts outside the pleadings under Rule 12(c)." *Id.* at *2 (citation omitted). On a Rule 12(c) motion, "all pleadings—not just the Complaint—[must] be considered, and . . . factual disputes in the pleadings [must] be resolved in the non-movant's favor." *Id.* (quoting *Volvo Fin. Servs. v. JRD Contracting, Inc.*, Civ. No. 17-0089-WS-B, 2017 WL 8941065, at *3 (S.D. Ala. July 7, 2017)).

Here, Plaintiff fails to show or explain how the pleadings filed in this case establish each Defendant's liability under the FCRA and Plaintiff's entitlement to judgment on his FCRA claims. Each Defendant has filed an Answer to Plaintiff's allegations that contests Plaintiff's allegations of unlawful conduct. Ultimately, Plaintiff's Rule 12(c) motion fails for the same reason as his Motion for Summary Judgment as to Capital One. *See* Part III.B *supra*.[6] In his motion, Plaintiff fails to demonstrate how Defendants' partial admissions establishes their liability for FCRA violations and his entitlement to judgment on his FCRA claims.

Accordingly, the Court shall deny Plaintiff's Motion to Dismiss Affirmative Defenses.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (ECF 12) and Motion to Dismiss Affirmative Defenses (ECF 19) will be DENIED. Further, Plaintiffs' claims under the E-SIGN Act and 18 U.S.C. §§ 1028A, 1341, 1343, and 1541 shall be DISMISSED.

A separate Order will follow.

DATE: 3/31/25    /S/
                 Matthew J. Maddox
                 United States District Judge

---

[6] The Court's brief analysis of Plaintiff's summary judgment motion was based solely on the pleadings and materials attached to the Complaint because Plaintiff presented additional evidence in support of that motion.